UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNAL REVENUE SERVICE,
ex rel. JAKE WADE WARREN,

       Plaintiff,

v.     CASE NO. 8:13-cv-03025-T-17MAP

UNITED STATES OF AMERICA and
STEVEN D. MERRYDAY, U.S. DISTRICT
JUDGE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's construed motion to proceed on appeal *in forma pauperis* (doc. 13). Plaintiff filed a notice of appeal on February 3, 2014, challenging the Court's order dismissing his complaint (doc. 10). In his motion, Plaintiff alleges that he deposited with the Clerk of Court a security in the amount of $100,000. Plaintiff requests the Court deduct from his security the unpaid costs and filing fees for his appeal; however, the Court has no record of receiving any funds from Plaintiff. Accordingly, the Court construes Plaintiff's motion as requesting the Court to allow him to proceed on appeal without prepayment of fees and costs.

Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *see generally Napier v. Preslicka,* 314 F.3d

528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

For the same reasons cited by the district judge in the order dismissing the Plaintiff's complaint (doc. 9), I find Plaintiff has failed to identify any colorable basis for appeal or for concluding that the Court's order dismissing the complaint was in error.  Moreover, the Court has been unable to discern any such basis.  The allegations in Plaintiff's complaint are not only vague and conclusory but also assert claims against a judicial officer.  It is well established that judicial officers are immune from suits alleging damages for acts made while acting in their judicial capacity.  *See Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000); *Andrews v. Heaton*, 483 F.3d 1070, 1075 (10th Cir. 2007).  The Court also notes that Plaintiff's complaint alleges Defendants are in violation 28 U.S.C. §7214; however, there is no private right of action under this statute.  *See Andrews*, 483 F.3d 1070 at 1076; *Bryant v. U.S. Government*, 527 F. Supp. 2d 137, 142 (D.D.C. 2007) ("Section 7214 is a criminal statute that does not provide for a private right of action and thus is 'not enforceable through a civil action.'"); *Detwiler v. U.S.*, 406 F. Supp. 695, 700 (E.D. Pa. 1975) (finding Section 7214 had no relevancy in a civil suit as "injuries to individuals resulting from 'willful oppression under color of law' by officers or employees of the Revenue Service are to be redressed in a criminal action brought by the United States").

Furthermore, Plaintiff has failed to comply with the requirements to proceed in *forma pauperis*.  Under 28 U.S.C. § 1915(a)(1) any person requesting an appeal without prepayment of fees must  submit "an affidavit that includes a statement of all assets such [person] possesses that

the person is unable to pay such fees court fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal, and affiant's belief that the person is entitled to redress." Plaintiff has failed to file an affidavit with his motion to reflect his indigent status. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3). It is therefore RECOMMENDED that Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis* (doc.13) be **DENIED**.

    IT IS SO REPORTED at Tampa, Florida on March 25, 2014.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

    Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).